IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | No. 10 CR 35 |
| vs. | ) | |
| | ) | Honorable Suzanne B. Conlon |
| FRANK CAIRA | ) | |
| | ) | |

**MEMORANDUM OPINION AND ORDER**

A jury found Frank Caira guilty of conspiracy to commit murder in violation of 18 U.S.C. § 1117 and solicitation to commit murder in violation of 18 U.S.C. §§ 373 and 2. Shortly before Mr. Caira was scheduled to be sentenced, his counsel submitted a motion for a competency hearing and evaluation (ECF # 116), which argued that Mr. Caira had recently become obsessively fixated on proving his proclaimed innocence and seemed unable to assist his attorneys in preparing for sentencing. After a hearing in open court before the sentencing hearing began, the motion was denied. During the continuing sentencing hearing the following day, defense counsel orally moved for reconsideration. For the reasons stated below, as well as those stated in open court during the July 5 and 6, 2012 sentencing hearing, the motion for reconsideration is denied.

Competency evaluations and hearings are meant to identify defendants who suffer from mental diseases or defects that make them either unable to understand the nature and consequence of the proceedings or unable to assist their lawyers in preparation for those proceedings. 18 U.S.C. § 4241 (requiring competency hearing where "there is a reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect"). When a defendant files a motion requesting a competency evaluation, the court may deny that motion only if the motion (1) fails to set forth "reasonable cause" for believing that the defendant

1

is incompetent to stand trial, or (2) is frivolous or not made in good faith. *United States v. Metcalfe*, 698 F.2d 877, 880 (7th Cir. 1983). In determining whether the motion sets forth "reasonable cause," the court may consider facts outside the motion and examine the defendant and his counsel to assess whether the factual grounds they assert to support "reasonable cause" actually exist. *Id.* at 880-81 (affirming denial of motion where "trial judge's interrogation of [defendant] Metcalfe, his father and his lawyer amply supports a conclusion that no probable cause existed to believe that Metcalfe was incompetent to stand trial"). The court may not, of course, attempt to resolve the basic issue of whether the defendant is in fact incompetent. *Id.* at 881; *Untied States v. Buss,* 506 F.3d 576, 581 (7th Cir. 2007) ("The psychiatrist or psychologist is the expert on mental capabilities, but the judge is the expert on what mental capabilities the litigant needs in order to be able to assist in the conduct of litigation....").

Defense counsel argues that Mr. Caira is myopically focused on establishing his innocence and that his "inability to get past these issues and focus on the sentencing itself renders him completely incapable of assisting his attorneys in preparing for his sentencing." (ECF # 116 at 3-4.) Mr. Caira's counsel claims that a competency evaluation and hearing is warranted where a defendant seems unshakably preoccupied with a frivolous legal position and oblivious to other, more substantial issues in the proceeding. In support of that position, counsel relies heavily on the following passage from *Untied States v. Buss,* 506 F.3d 576 (7th Cir. 2007):

> We do not prejudge the remand. As the petitioner's lawyer concedes, the fact that a litigant is psychotic does not mean that he cannot assist in his case .... and we take seriously the possibility voiced by Dr. Olive that the petitioner is malingering. If he is not malingering, however, he seems insanely preoccupied with a frivolous ground of appeal and oblivious to the other, more substantial, grounds that his lawyers wish to press, as well as severely distracted by fear of diabolical beings who are scheming against him, preventing him from reading any document relating to his case.

*Buss* provides little support for defendant's motion. In *Buss*, the Seventh Circuit held that the district court erred in denying a *habeas corpus* petitioner's request to cross examine the state's expert in a competency hearing. The issue of whether the petitioner had established reasonable cause to warrant a competency evaluation was not before the Seventh Circuit.. Moreover, the petitioner in *Buss* was a previously diagnosed paranoid schizophrenic, whose alleged psychiatric symptoms included persecutory delusions and auditory/visual hallucinations. *Id.* at 580. Buss stated in court, for example, that there were invisible forces, called "jinn beings," in his cell with him, who looked like midgets, and might beat him up because he levitated. *Id.* at 583. Thus, although the Seventh Circuit remarked about Buss's insane preoccupation with "a frivolous ground of appeal," it is clear that the preoccupation was not the only basis for Buss's competency hearing.

Contrary to defense counsel's argument, Mr. Cairo's steadfast preoccupation with the issue of his innocence and his purported inability to focus on sentencing, cannot alone establish reasonable cause to believe that he is incompetent. Were the rule any other way, competency hearings would become perfunctory in a wide swath of cases, as many defendants steadfastly proclaim innocence at the time of sentencing and regard the court's exercise of its sentencing authority as erroneous. The Seventh Circuit has specifically instructed that the ordering of competency evaluations should not be viewed as a routine or ministerial act *United States v. Metcalfe*, 698 F.2d 877, 881 (7th Cir. 1983) ("It would be a misuse of the statute for such motions to be granted so routinely that the statute amounts to no more than a provision for an automatic continuance on the defendant's request.") (internal quotation omitted).

A review of Seventh Circuit precedent also indicates that defendants who espouse "ludicrous legal positions" or seek to pursue a "myopic" approach to their own case are not

3

entitled to competency hearings on that basis alone. *United States v. Alden*, 527 F.3d 653, 659-60 (7th Cir. 2008) ("The district court did not err by not ordering a competency examination. Alden was competent to stand trial. Simply being a monumental pain in the neck is not a symptom of incompetency; it is usually a symptom of stupidity."); *Timberlake v. Davis*, 409 F.3d 819, 823 (7th Cir. 2005) (obsession with irrelevant issues and paranoia about the criminal justice system do not constitute reasonable cause); *United States v. James*, 328 F.3d 953, 955 (7th Cir. 2003) (articulation of unusual legal beliefs does not constitute reasonable cause). Accordingly, defendant has failed to set forth reasonable cause to believe that he may presently be suffering from a mental disease or defect, and a competency evaluation is not warranted.

## CONCLUSION

For the above reasons, defendant's oral motion for reconsideration of the denial of his motion for a competency evaluation and hearing (ECF # 116) is DENIED.

IT IS SO ORDERED.

July 6, 2012

Hon. Suzanne B. Conlon
United States District Court